<span style="color:red">**FILED**
**Sep 11, 2023**
**07:00 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**</span>



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **Frank Allen,** | ) | **Docket No. 2023-06-2249** |
| **Employee,** | ) | |
| **v.** | ) | |
| **United Cabinet Corp., LLC,** | ) | **State File No. 17763-2023** |
| **Employer,** | ) | |
| **And** | ) | |
| **AmTrust North America,** | ) | **Judge Kenneth M. Switzer** |
| **Carrier.** | ) | |

## EXPEDITED HEARING ORDER DENYING BENEFITS

Frank Allen allegedly suffered a hernia while working for United Cabinet Corporation, LLC. United Cabinet denied the claim based on the statute of limitations. After a September 6, 2023 expedited hearing, the Court grants United Cabinet's motion for involuntary dismissal of Mr. Allen's request for temporary benefits, but the claim remains pending.

### Claim History

Mr. Allen testified that on February 22, 2022, he suffered an injury while lifting and stacking heavy drums at work. He "felt a tear" and immediately told his supervisor, "Paul." Paul took no action but agreed that Mr. Allen could stop heavy-lifting. Mr. Allen continued working that day and for months afterward, occasionally mentioning the injury to Paul, who took no action.

A year without treatment passed, while Mr. Allen continued working without heavy lifting. Mr. Allen believed informing his supervisor about the injury was the proper protocol. During that time he never reported the injury to human resources, because the individual in that role changed five times that year, and "there wasn't an H.R. there at that time." Ultimately, according to Mr. Allen, Paul was fired.

1

After a company-wide meeting, Mr. Allen learned he could see an onsite nurse. He visited her in February 2023. The nurse told him he must report the injury to human resources. He did so, was offered a panel, and chose an occupational clinic. He saw a physician four times, who diagnosed an inguinal hernia and recommended surgery. Mr. Allen never underwent the repair though, because United Cabinet denied his claim. He filed a petition for benefit determination on March 29, 2023.[1]

### Findings of Fact and Conclusions of Law

At the close of Mr. Allen's proof, United Cabinet moved for a "directed verdict," referring to an involuntary dismissal under Rule 42.01. The Court took the motion under advisement but now grants it as to United Cabinet's defense that the statute of limitations bars Mr. Allen's claim.

In *Garcia Carillo v. Sanchez Hurtado,* 2023 TN Wrk. Comp. App. Bd. LEXIS 40, at *9-10 (Aug. 16, 2023), the Appeals Board explained an involuntary dismissal should be granted when asked for by an employer after an employee has presented his evidence but failed to prove he is entitled to benefits. The Board wrote, "[I]in the context of an expedited hearing in which an employee seeks an interlocutory order compelling the provision of certain benefits, a defendant in the case can, at the close of the employee's proof, seek a ruling from the court as to whether the employee's evidence fails to support an interlocutory order for benefits." If the motion is granted, the trial court may deny the request for benefits. *Id.* at *10. This is a dismissal of the employee's requested benefits, not a dismissal of the employee's claim as a whole. The trial court must determine whether the employee offered sufficient evidence to show he is likely to prevail at a hearing on the merits. *Id.*

Applying this authority, United Cabinet contended that Mr. Allen did not file his petition within the statute of limitations. Tennessee Code Annotated section 50-6-203(b)(1) (2022) reads, "[W]hen the employer has not paid workers' compensation benefits to or on behalf of the employee, the right to compensation . . . shall be forever barred, unless the notice required by § 50-6-201 is given to the employer and *a petition for benefit determination is filed with the bureau . . . within one (1) year after the accident resulting in injury*." (Emphasis added).

Mr. Allen sincerely and credibly testified about how his injury occurred, and the medical records document that he has an inguinal hernia and needs surgery. He described United Cabinet as a work environment with a strict chain of command and high employee

---

[1] Mr. Allen asked to call a witness, but United Cabinet objected because he did not disclose her as required. Tennessee Compilation Rules and Regulations 0800-02-21-.15(1) (March, 2022) states, "The party requesting an expedited hearing must list any witnesses it intends to call at the expedited hearing on the request for expedited hearing form." Since neither hearing request listed any witnesses, the objection was sustained.

turnover. When his supervisor did not help him with his claim, he simply worked through pain because he did not know he had any other option and needed his pay.

Mr. Allen testified that he became injured at work lifting and stacking heavy drums on February 22, 2022. The Court finds Mr. Allen reported the injury to his supervisor immediately. The Tennessee Supreme Court has long held, "Oral notice to the employee's supervisor may constitute actual notice" for purposes of section 50-6-201. *Gragg v. White Consol. Industries, Inc.*, 1992 Tenn. LEXIS 486, at *4 (Tenn. 1992). Paul, and later supervisors, have allowed Mr. Allen to work light duty since February 22, 2022. Paul did nothing else to assist Mr. Allen.

United Cabinet paid no benefits during the year after the injury. Mr. Allen filed the petition on March 29, 2023, after one year passed. The Court finds he did not timely file the petition.

Mr. Allen argued, "I've done everything they told me to do" to his detriment. The Court agrees.

Importantly, however, the Workers' Compensation Law makes no exception for these circumstances. Mr. Allen had one year to file his claim. He did not do so within that time. The Court holds that he is unlikely to show at a final hearing that he timely filed his claim, so United Cabinet's motion for involuntary dismissal of his request for interlocutory relief is granted. Since this is a threshold issue, the remaining issues need not be decided at this time.

The Court sets a status hearing on **November 13 at 9:00 a.m. Central Time.** You must dial (615) 532-9552 or (866) 943-0025 to participate.

Finally, United Cabinet's employee, Paul, declined to accept Mr. Allen's injury report. Rule 0800-02-01-.05(1) (May, 2018) states, "An employer must accept any notice of a claim for workers' compensation benefits from any employee . . . alleging an injury." The Court refers United Cabinet to the Compliance Program for consideration of the imposition of a civil penalty.

**IT IS ORDERED.**

**ENTERED September 11, 2023.**

*Kenneth M. Switzer*
_____
**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

3

**Appendix**

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice, and parties' additional information
3. Order Setting Status Hearing
4. Hearing Request
5. Scheduling Order
6. Hearing Request
7. Employer's Brief
8. Employer's Exhibit and Witness List
9. Notice-audio recording filed with clerk
10. Notice-Rule 72 Declaration of Shakira Holland filed

Evidence:
1. Declaration of Mr. Allen
2. Form C-32, Choice of Physicians Form
3. Wage Statement
4. Denial
5. Dr. Dutton's medical records
6. Declaration of Shakira Holland
7. Letter from Deana Cook
8. Recording of Mr. Allen's statement to Shakira Holland

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on September 11, 2023.

| Name | Certified Mail | Regular mail | Email | Sent to |
|------|------|------|------|------|
| Frank Allen, employee | | X | X | mitchfallen@gmail.com<br>60 Williamsburg Rd.<br>Mt. Juliet, TN 37122 |
| Houston Gunn, Greg Fuller, employer's attorneys | | | X | hmgunn@mijs.com<br>ghfuller@mijs.com |
| Compliance Program | | | X | WCCompliance.Program@tn.gov |

_____
Penny Shrum
Clerk, Court of Workers' Compensation Claims

4



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*